No. 25,802.

THE STATE OF KANSAS, *Appellee,* v. GROVER CLARK, *Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Maintaining Common Nuisance—Nuisance Properly Defined in Instruction.* An instruction defining a nuisance under the intoxicating liquor law as: "First, all places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law; second, all places where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage; third, all places where intoxicating liquors are kept for sale, barter or delivery in violation of law; and fourth, all intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining a place as above set out and described," is not improper because of the fourth clause as there stated.

2. SAME—*No Entrapment of Defendant by Detective.* When the evidence viewed most favorably for defendant does not disclose a case of entrapment by an officer or detective, the court is justified in refusing a requested instruction on entrapment.

3. SAME—*Nuisance Maintained in Lodge Room—That·Other Members Had Right to be There No Defense for Defendant.* In a prosecution for maintaining a nuisance under the intoxicating liquor law in a lodge to which defendant belonged, the fact that persons whom defendant invited to meet and drink with him were members of the lodge, had a right to be there, and had possession equal with him of the intoxicating liquors, bottles, glasses, etc., kept and used in maintaining the place, is no defense.

Appeal from Pratt district court; GEORGE L. HAY, judge. Opinion filed November 8, 1924. Affirmed.

*L. G. Turner, R. F. Crick,* and *Burt Comer,* all of Pratt, for the appellant.
*D. E. McCrory,* county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was found guilty of maintaining a nuisance under the intoxicating liquor law. He has appealed, and contends that the court erred in giving the following instruction:

"Under the laws of this state, places as are hereinafter described are declared to be common nuisances:

"First: All places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law;

"Second: All places where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage;

"Third: All places where intoxicating liquors are kept for sale, barter or delivery in violation of law; and

"Fourth: All intoxicating liquors, bottles, glasses, kegs, pumps, bars and other property kept in and used in maintaining a place as above set out and described.

"Under the law of this state every person who maintains or assists in maintaining such a common nuisance as above defined shall be guilty of a misdemeanor."

And another instruction in which the jurors were told it was not necessary to find the defendant guilty in all of these four different conditions or states of fact, but that it was only necessary for the state to prove the existence of one or more such conditions.

The point is made that the nuisance defined in the fourth subdivision of the instruction complained of is not a place.

It may be noted that the instruction is almost in the identical language of the statute (R. S. 21-2130), hence there is no merit in appellant's contention.

The evidence upon which the state relied was procured mainly through the activity of a man employed by the county for that purpose and spoken of as a detective. Appellant asked for an instruction on entrapment by an officer or detective, and complains of the refusal of the court to give it.

The difficulty of predicating error upon that in this case is that the defendant's own testimony, which is as favorable to his view as any in the record, does not disclose a case of entrapment. He had the key to the Redmen hall, where the liquor was taken, unlocked the door when the whisky was taken in, went down on the street and met a friend, whom he invited to go to the hall to drink, and gave the friend his key that he might get in while he went to look for other people whom he invited to go to the hall and drink. He was later present when the drinking was going on, took part in

The State v. Clark.

it, and passed the whisky to some of the persons who came there on his invitation. So, even though, as he contends, he went with the detective to buy the whisky and the detective bought it and paid for it with money furnished by the county, his own evidence discloses that he provided the place and invited guests there to drink. Hence there is no view of this case in which an instruction concerning an entrapment by the detective was proper.

The place to which the liquor was taken and drank was the Redmen's lodge room, to which the evidence tends to show other persons than appellant had keys. When the hall was visited by the officers there were found intoxicating liquor, bottles, glasses and jars, some containing liquor and others having the appearance of having previously contained liquor. Appellant requested an instruction that since other persons had keys to the lodge room and as much right to go to it as appellant had, the intoxicating liquor, bottles, glasses, etc., found therein could not be imputed to the possession of appellant unless it is shown that appellant had actual physical possession of the same. Instead of this requested instruction the court gave the usual instruction that all persons participating in the maintenance of a place where intoxicating liquors are kept or used in violation of law were guilty of maintaining. That is the rule that had been frequently announced by this court. All who participate in maintaining a place defined by the statute as a nuisance are guilty as principals, and the refusal to give the instruction requested was not error.

Appellant complains of the refusal of the court to give an instruction to the effect that if the other persons invited to the hall by appellant were members of the Redmen lodge and entitled to go to the hall, and there drank liquor furnished by the detective, that fact cannot be taken into consideration in considering the charge against him. There was no error in the court's ruling, for it was the duty of appellant, as well as all other members of the lodge, to see that a liquor nuisance was not maintained there.

Lastly it is argued that the evidence is insufficient to support the verdict. This is upon the theory that appellant cannot be held responsible for what other members of the lodge did there, but, as we have seen, there is no merit in that; and upon the argument that the acts of the detective in purchasing the liquor and bringing it to the lodge room could not be imputed to him. It is not claimed that the detective had a key to the lodge hall. The appellant had

the key to the hall, unlocked the door, took the whisky into the hall or permitted the detective to take it there, invited persons to go there to drink, and went there and drank with them. These things show his personal activity and responsibility in the matter amply to support the verdict.

The judgment is affirmed.